## VAHEY v STANDARD OIL CO

Ohio Appeals, 7th Dist, Mahoning Co

Decided March 29, 1935

John Ruffalo, Youngstown, for plaintiff in error.

Holliday, Grossman & McAfee, Cleveland, for defendant in error.

## OPINION

By ROBERTS, J.

The cause came on for trial in the Court of Common Pleas and counsel for the plaintiff made an opening statement, so-called to the jury, which substantially conformed to the allegations of the petition. At the close of this statement the following appears:

"MR. COLBERT: (Attorney for Defendant). At this time, Your Honor, I want to make a motion for judgment for the defendant on opening statement of counsel.

COURT: Have you anything further, Mr. Cavalier, that you desire to add to your opening statement?

MR. CAVALIER: Nothing I can think of.

COURT: The motion for a directed verdict is sustained, on the ground that the opening statement as made, and the petition as pleaded, shows that the statute of frauds and the various sections applicable to their phase of plaintiff's claim bar the action, that is whether the claim be considered as a lease of an interest in realty or as an employment contract not to be performed within the period of one year. The jury is therefore directed to return a verdict for the defendant. Exceptions noted to the plaintiff as to each and every and all rulings of the court."

Error has been prosecuted, as stated, to this court, claiming that the trial court was not authorized to direct a verdict upon the opening statement as made. It is sufficient to say, however, concerning this matter, that an examination has been made of the opening statement and of the pleadings, and the following have been considered:

Sec 8510, GC.
Hodges v Ettinger et, 127 Oh St, 460.
Breuer v Berold, 9 C.C. (N.S.), 350.
Kling, Admr. v Bordner, 65 Oh St, 86.
125 Oh St, 219.
8 Oh St, 257.
57 Oh St, 161.
96 Oh St, 74.
84 Oh St, 440.

As a result of a consideration of the issues presented and examination of authorities, we are of the opinion that the Court of Common Pleas did not err in directing a verdict in this case, for the reason that the opening statement did not indicate a cause of action upon this alleged verbal contract for an interest in real estate for a term of five years.

CARTER and NICHOLS, JJ, concur in the judgment.